UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:14-CV-81573-ROSENBERG/HOPKINS

THREE EIGHTY NINE CORPORATION,
a Florida non-profit corporation,

 Plaintiff,

v.

JONATHAN R. COHN & JAMIE COHN
KOST, CO-TRUSTEES OF THE COHN
IRREVOCABLE TRUST DATES JULY 22,
2008,

 Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

This matter is before the Court on Defendants' Motion to Dismiss [DE 7]. The Motion has been fully briefed, and the Court heard oral argument on the Motion on March 25, 2015. The Court has reviewed the documents in the case file and is fully advised in the premises. For the reasons set forth below, Defendants' Motion is granted.

### I. BACKGROUND

On September 14, 1960, Plaintiff, as a lessee, entered into a ninety-nine year lease. DE 1-1 ¶¶ 1, 3. Defendants are the successors-in-interest to the lessor in the lease. *Id.* at ¶ 6. The property which is the subject of the lease has and continues to be used as a parking lot for a cooperative apartment complex. *Id.* at ¶ 7. The lease contains an escalation clause wherein the rent due under the lease is increased in conjunction with increases in the consumer price index. *Id.* at ¶ 8. The lease contains no option to purchase and Defendants have refused to provide Plaintiff with an

1

option to purchase the leased property. *Id.* at ¶ 10. Because of the rent escalation clause and because of Defendants' refusal to provide Plaintiff with an option to purchase, Plaintiff filed the suit presently before the Court.

## II. LEGAL STANDARD

In considering a motion to dismiss, the Court must accept the allegations in a complaint as true and construe them in a light most favorable to the plaintiffs. *See Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321 (11th Cir. 2012). At the pleading stage, the Complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). All that is required is that there are "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

## III. ANALYSIS AND DISCUSSION

Plaintiff argues in its Complaint that Defendants have breached the terms of the lease at issue in this case for two reasons. First, Plaintiff argues Defendants have breached the lease by virtue of Defendants' application of the rent escalation clause in the lease which, as Plaintiff argues, contravenes a Florida statute. Second, Plaintiff argues that Defendants have breached the lease by refusing to provide Plaintiff with an option to purchase, which Plaintiff also argues contravenes a Florida statute. Defendants argue neither statute applies to this case and, as a result, Defendants contend that Plaintiff's Complaint should be dismissed. Defendants' arguments each are addressed in turn.

**1. The Rent Escalation Clause**

Plaintiff's first argument that Defendants have breached the lease agreement is that Defendants have escalated rent in violation of a Florida statute. Plaintiff argues the Florida statute

2

is incorporated into the lease because the lease is expressly subject to the "local laws, statutes, ordinances and regulations applicable to the leased premises." DE 1-1 at 9. The statute relied upon by Plaintiff reads as follows:

> It is declared that the public policy of this state prohibits the inclusion or enforcement of escalation clauses in land leases or other leases or agreements for recreational facilities, land, or other commonly used facilities serving residential cooperatives, and such clauses are hereby declared void for public policy. For the purposes of this section, an escalation clause is any clause in a cooperative lease or agreement which provides that the rental under the lease or agreement shall increase at the same percentage rate as any nationally recognized and conveniently available commodity or consumer price index.

Fla. Stat. § 719.4015(1).

In response, Defendants argue that § 719.4015 does not apply to the lease in this case because the lease predated § 719.4015 and, at the time the lease was executed, rent escalation clauses (like the one in this case) were legal. For authority, Defendants cite to *Fleeman v. Case*, 342 So. 2d 815 (Fla. 1976).

In *Fleeman*, the Florida Supreme Court considered the constitutionality of a Florida statute that prohibited rent escalation clauses in the context of condominium associations. That statute was virtually identical to the statute at issue in this case, and it reads as follows:

> It is declared that the public policy of this state prohibits the inclusion or enforcement of escalation clauses in leases (for recreational facilities or other commonly used facilities serving condominiums) or management contracts for condominiums, and such clauses are hereby declared void for public policy. For the purposes of this section, an escalation clause is any clause in a condominium lease or management contract which provides that the rental under the lease or fee under the contract shall increase at the same percentage rate as any nationally recognized and conveniently available commodity or consumer price index.

*Id.* at 817. The Florida Supreme Court held that the statute did not retroactively apply, finding "[t]here being no express and unequivocal statement in this legislation that it was intended to apply

3

to leases and management contracts which antedate its enactment, we hold the statute inapplicable to the contracts in these consolidated proceedings." *Id.* at 818. The legislature thereafter amended the statute to expressly apply to escalation clauses that predated the effective date of the statute, but the Florida Supreme Court ratified its decision in *Fleeman* and again held that the statute could not be retroactively applied. *See Ass'n of Golden Glades Condo. Club, Inc. v. Sec. Mgmt. Corp.*, 557 So. 2d 1350, 1355-56 (Fla. 1990). The Florida Supreme Court did discuss case law, however, that permits the retroactive application of the statute in special circumstances. *Id.* at 1354. More specifically, the statute may be applied retroactively if the parties expressly "agreed to be bound by all future amendments to the Condominium Act." *Id.* (citing *Century Village, Inc. v. Wellington*, 361 So. 2d 128 (Fla. 1978)). Language that satisfies this requirement reads as follows: "[T]he provisions of the Condominium Act as presently existing, or as it may be amended from time to time . . . are adopted and included herein by express reference." *Kaufman v. Shere*, 347 So. 2d 627, 628 (Fla. Dist. Ct. App. 1977). Plaintiff conceded at oral argument that no such language appears in the lease in this case.[1]

Plaintiff argues, however, that the statute at issue in this case, § 719.4015, was not expressly addressed in the above-cited case law. While this is certainly true, the fact remains that § 719.4015 is virtually identical to the statute held to be unconstitutional as retroactively applied in *Fleeman* and *Golden Glades*. Plaintiff has provided no persuasive reason why the statute would be unconstitutional as applied to a condominium association but constitutional as applied to a cooperative association. Although the Court's own research has revealed no case law expressly holding § 719.4015 is unconstitutional when retroactively applied, the Court finds that *Fleeman*

---

[1] In this case, the required language would reference the law governing cooperatives, as opposed to condominiums.

4

and *Golden Glades* are highly analogous to the instant case.[2] Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiff's claim for breach of contract to the extent Plaintiff's claim is premised upon the escalation clause in the lease and § 719.4015.

### 2. The Option to Purchase

Plaintiff's second argument to establish Defendants have breached the lease agreement is that Defendants have failed to provide Plaintiff with an option to purchase the leased property. The lease contains no such provision. Plaintiff establishes its right to purchase in the lease agreement through a Florida statute, which Plaintiff argues is incorporated into the lease because the lease is expressly subject to the "local laws, statutes, ordinances and regulations applicable to the leased premises." DE 1-1 at 9. The statute relied upon by Plaintiff reads as follows:

> A lease of recreational or other commonly used facilities entered into by the association or unit owners prior to the time the control of the association is turned over to unit owners other than the developer shall grant to the lessee an option to purchase the leased property, payable in cash on any anniversary date of the beginning of the lease term after the 10th anniversary, at a price then determined by agreement. If there is no agreement as to the price, then the price shall be determined by arbitration. This paragraph shall be applied to contracts entered into on, before, or after January 1, 1977, regardless of the duration of the lease.

Fla. Stat. § 719.401(f)(1). Defendants argue this statute does not require Defendants to provide an offer to purchase for two reasons. First, the statute only applies to leases of "recreational or other commonly used facilities," neither of which applies here. Second, the statute is unconstitutional as retroactively applied to the lease in this case, which was executed in 1960, notwithstanding the fact

---

[2] Furthermore, Plaintiff's argument that the statute was incorporated into the lease (and thereby avoided any constitutional limitations) by virtue of the fact that the lease was subject to "local laws, statutes, ordinances and regulations applicable to the leased premises" is unavailing and inapposite with case law that holds a lease agreement must exhibit a **clear and express intent** to incorporate future amendments of law, particularly when an amendment would contravene material terms of the lease. *See Golden Glades*, 557 So. 2d at 1353-55; *see also Maison Grand Condo. Ass'n, Inc. v. Dorten, Inc.*, 580 So. 2d 859, 862 (Fla. Dist. Ct. App. 1991) ("The only circumstance under which the ban [on escalation payments] may be applied retroactively is when the lessor has expressly agreed to be bound by future changes in the Condominium Act.").

that the statute expressly states that it does apply retroactively. Defendants' second argument, based upon the statute's constitutionality, is irrelevant if the Court finds that the statute does not apply in this case. Accordingly, the Court turns its attention first to the threshold question of whether the statute applies.

Plaintiff has alleged that the property at issue is a parking lot that is "a commonly-used facility for the benefit of the occupants of the forty-one (41) cooperative apartment units." DE 1-1 at ¶ 7. Plaintiff does appear, then, to at least facially plead that the property at issue is a commonly-used facility, but the basis for Plaintiff's entitlement is the lease itself. To the extent there is any contradiction between the lease (which is attached to Plaintiff's Complaint) and Plaintiff's allegations, the lease controls. *See Griffin Indus. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007). The Court therefore examines the language of the lease in this case.

The lease contains no terms that indicate it is for the lease of a particular facility or, more particularly, for a commonly-used facility. Instead, the lease is for the use of land. Under the lease, the lessee may construct buildings and improvements. DE 1-2 at 16. The lease does not restrict the improvements that may be constructed to a particular type or classification. The lessee may also collect income from any income-producing improvements constructed on the leased property. *Id.* at 9. All tax and assessment costs are passed from the lessor to the lessee. *Id.* at 11. Based upon the Court's review of the lease, the Court finds that it is clearly and unambiguously a ground lease for the land described therein. While the lease may *permit* the construction and use of a commonly-used facility, it is not a lease *for* a commonly-used facility. The Court's decision on this matter is strengthened and affirmed by the case of *Moonlit Waters Apartments, Inc. v. Cauley*, 666 So. 2d 898 (Fla. 1996).

6

In *Moonlit Waters*, a cooperative apartment building had a ninety-nine year ground lease, like the instant case. *Id.* at 899. The apartment building was constructed on the leased ground. *See id.; Moonlit Waters Apartments, Inc. v. Cauley*, 651 So. 2d 1269, 1270 (Fla. Dist. Ct. App. 1995). The lease in *Moonlit Waters* was executed in 1965, and in 1991 the cooperative apartment informed the lessor that it wished to purchase the leased land pursuant to § 719.401(f)(1), Florida Statutes. *Moonlit Waters*, 666 So. 2d at 898. The lessor refused. *Id.* The cooperative apartment complex filed suit to have an arbitrator appointed, pursuant to § 719.401(f)(1), but the circuit court declined to do so, finding that the retroactive application of § 719.401(f)(1) to the lease was unconstitutional. *Id.* The Fourth District Court of Appeal affirmed, but it did so while declining to reach the constitutional question. *Id.* Instead, the Fourth District Court of Appeal affirmed the circuit court on the basis that the statute did not apply to all-encompassing ground leases. The Fourth District Court of Appeal's reasoning was affirmed by the Florida Supreme Court, which found that the statute clearly did not apply to land leases. *Id.* at 900. More specifically, the court found that "Section 719.401(1)(f) applies to leases 'of' recreational or other commonly used facilities, not to land leases 'including' recreational or other commonly used facilities." *Id.*

Applying the decision in *Moonlit Waters* to the instant case, the Court finds that the lease at issue is clearly and unambiguously a ground or land lease. The lease in this case may "include" a recreational or commonly-used facility if the lessee elects to use the land in this fashion, but it is not a lease "of" a recreational or commonly-used facility. At oral argument, Plaintiff requested that this case not be dismissed so as to allow Plaintiff time in discovery to obtain documentation that could shed additional light on the lease in this case, and perhaps show an intent by the original parties to consider the lease as a lease of a commonly used facility, but the Court finds this

7

argument unavailing because the lease does not incorporate additional documents such that the Court's interpretation of the lease, which is clear and unambiguous, would change. Moreover, while Plaintiff has attempted to distinguish *Moonlit Waters* in that the lease in that case involved the land upon which the cooperative apartment was constructed, the Court finds this argument unavailing as well because the text of the statute, and more particularly the wording of the Florida Supreme Court's holding, draws no such distinction.[3] The lease in this case is a ground lease—it is not a lease "for" a commonly-used facility. Under *Moonlit Waters*, a ground lease is not within the ambit of § 719.401(1)(f). Accordingly, Plaintiff's breach of contract claim is **DISMISSED WITH PREJUDICE** as to Plaintiff's purchase-offer allegations and § 719.401(1)(f), and the Court finds no need to address Defendants' constitutional argument.

## IV.   CONCLUSIONS AND RULING

There being no other factual allegations that support Plaintiff's breach of contract claim, it is **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss [DE 7] is **GRANTED** and Plaintiff's Complaint is **DISMISSED**. The Clerk of the Court is directed to **CLOSE THIS CASE**.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 2nd day of April, 2015.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record

---

[3] Similarly, while Plaintiff emphasizes a footnote in the Fourth District Court of Appeal's decision, the Court's decision rests upon the clear wording of the Florida Supreme Court's holding.